Filed 3/26/14  P. v. Morrone CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH EUGENE MORRONE,<br><br>    Defendant and Appellant. | G049012<br><br>(Super. Ct. No. 13NF0992)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Joseph Eugene Morrone of first degree burglary of a residence. (Pen. Code, §§ 459, 460.) After the verdict, Morrone admitted he committed that offense while he was released from custody on bail on another offense. (Pen. Code, § 12022.1, subd. (b).) He was sentenced to four years in prison. This timely appeal followed.

After Morrone appealed we appointed counsel to represent him. Counsel filed a brief which set forth the facts and the disposition of the case. She did not argue against Perrone, but advised she had not found any issues to argue on Perrone's behalf. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende* ).) And, ostensibly to assist us in our independent review of the record, she suggested we consider certain specific issues pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

Counsel advised Morrone of the filing of a *Wende* brief and his opportunity to file his own supplemental brief. More than 30 days has passed and we have received no communication from him.

## FACTS

In March 2013 at about 12:30 p.m., Maria Sanchez returned to her apartment in Anaheim. She was pushing an infant in a stroller. As she walked toward the apartment she saw two men wearing dark clothing leaning on a fence. She said "hey" and the two men ran away.

Sanchez's apartment door was open. Morrone came out of a window of her apartment and fell to the pavement as he tried to get over the fence. He was wearing an orange shirt. He ran past her and she saw his clothes. She called 911.

Sanchez opened her front door and began to back into the apartment with the stroller. A fourth man pushed past her out of the apartment, knocking the baby out of the stroller. The man was carrying a silver object in his hand.

Sanchez saw the four men standing on the corner of the barbecue area of the apartment complex talking to each other. One of them called her a "bitch." Sanchez,

2

pointed at the group, which included Morrone, and three of the men ran away. Anaheim Police Officer Mau Huynh then detained and handcuffed Morrone, who had not tried to run away. Sanchez pointed at Morrone and said that he was one of the men in her apartment.

Sanchez's apartment had been ransacked and her property, including $300 cash, an engagement ring and a Nintendo game console had been taken. Near the back door, Officer Huynh found a pair of bent scissors that had been used as a burglary tool. The sliding door had pry marks on it.

## DISCUSSION

Counsel represents her opening brief is filed in accordance with *Wende*. The court in *Wende* held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.) A *Wende* brief, therefore, is one that sets forth a summary of proceedings and facts but raises no specific issues. (*Ibid*.)

In this case, while purporting to file a *Wende* brief, counsel has listed a number of legal issues, with citations to cases but no supporting argument. These issues include: (1) whether there is constitutionally sufficient evidence to support Morrone's conviction; and (2) whether the prosecutor committed misconduct in closing argument. This list of legal issues goes beyond pointing to "anything in the record that might arguably support the appeal." (*Anders*, *supra*, 386 U.S. at p. 744.)

When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) However, in this case the issues were presented by appellate counsel, not the appellant, and thus *Kelly* does not apply.

The fact that counsel filed the opening brief under *Wende* confirms she does not believe the issues listed are arguable. If she thought they were arguable, she

3

could not rely on the *Wende* procedure and would instead be obligated to file a brief that included written argument on these issues. (Cal. Rules of Court, rule 8.204(a)(1)(B).) Indeed, if her listing of these issues makes her brief something other than a *Wende* brief, then her failure to provide supporting legal argument allows us to disregard them. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2; *People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37.)

Regardless, we have considered the issues listed by counsel and conclude they fail on the merits. We have also reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. There are no legal issues that require further briefing.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

4